**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

United States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture, Appellant,

v.

Eric M. Vaughn and South Carolina Department of Revenue, Respondents.

Appellate Case No. 2025-000708

———————

Appeal From Horry County
Alan D. Clemmons, Master-in-Equity

———————

Unpublished Opinion No. 2026-UP-267
Submitted May 21, 2026 – Filed June 3, 2026

———————

**AFFIRMED**

———————

Taylor Anthony Peace, of Harrell, Martin, & Peace, P.A., of Chapin; and Jamie Anna Weller, of Riley Pope & Laney, LLC, of Columbia, both for Appellant.

Eric M. Vaughn, of Shelby, North Carolina, pro se.

Kiera Courtney Dillon, Robert Julian Thomas, and Jason Phillip Luther, all of Columbia, for Respondent South Carolina Department of Revenue.

**PER CURIAM:** United States of America, acting through the Rural Housing Service or successor agency, United States Department of Agriculture (USDA), appeals the master-in-equity's order granting judgment of foreclosure against Eric M. Vaughn and the South Carolina Department of Revenue, and the master's order denying reconsideration pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. On appeal, USDA argues the master erred in (1) determining it failed to meet its burden of proof regarding fees owed for property maintenance, caretaking, and upkeep (property maintenance fees) and escrow fees absent additional evidence thereof;[1] (2) sua sponte raising and relying upon affirmative and other defenses not asserted by Vaughn in limiting USDA's recovery of interest, property maintenance fees, and escrow fees; and (3) impermissibly altering the terms of the mortgage by reducing the amount of interest, property maintenance fees, and escrow fees recoverable under the terms of the mortgage. We affirm pursuant to Rule 220(b), SCACR.[2]

As to issue one, we hold the master did not err in finding USDA failed to meet its burden of proof regarding the property maintenance and escrow fees.[3] *See Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *U.S. Bank Tr. Nat. Ass'n v. Bell*, 385 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("In an appeal from an action

---

[1] In its final order, the master found USDA failed to provide certain "necessary proof" in support of its request for property maintenance fees and escrow fees. In its order denying USDA's Rule 59(e) motion to alter or amend the judgment, the master found USDA failed to provide supporting invoices for these charges as the master had requested prior to filing its final order.

[2] Respondent did not file a brief. This court may take any action it deems proper—including reversal—when a respondent fails to timely file a brief. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision[,] or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

[3] Insofar as USDA argues the master erred in applying a higher burden of proof as shown by its requirement of additional evidence, we need not address the issue because USDA did not prove its claims by a preponderance of the evidence. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating that if one of multiple issues on appeal is dispositive, the appellate court need not reach remaining issues).

in equity, tried by a [court] alone, we may find facts in accordance with our own view of the preponderance of the evidence.").  We agree with the master that the evidence presented by USDA failed to substantiate its requests; therefore, we hold a preponderance of the evidence supports the master's finding.  *See Bell*, 385 S.C. at 373, 684 S.E.2d at 204 (noting the standard of review "does not require an appellate court to disregard the findings below or ignore the fact that the [master] is in the better position to assess the credibility of the witnesses" (quoting *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001))).

As to issues two and three, we hold our disposition of issue one is dispositive; therefore, we decline to address the remaining issues.  *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (stating that if one of multiple issues on appeal is dispositive, the appellate court need not reach the remaining issues).

**AFFIRMED.**[4]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.